2026 IL App (1st) 241538-U

FIFTH DIVISION
July 31, 2026

No. 1-24-1538

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 CR 1044301 |
| | ) | |
| DEANGELO WIGGINS, | ) | Honorable |
| | ) | Arthur Wesley Willis, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held:*  Defendant's convictions for armed robbery and aggravated vehicular hijacking are reduced to vehicular hijacking and robbery where the evidence did not prove that he committed the offenses while armed with a bludgeon. We vacate defendant's sentences and remand for resentencing on the lesser-included offenses.

¶ 2    Following a bench trial, defendant DeAngelo Wiggins was convicted of armed robbery (720 ILCS 5/18-2(a)(1) (West 2020)) and aggravated vehicular hijacking (720 ILCS 5/18-4(a)(3) (West 2020)) and sentenced to concurrent terms of eight years in prison. On appeal, Mr. Wiggins argues that the State failed to prove beyond a reasonable doubt that he committed the offenses

while armed with a bludgeon. We reduce Mr. Wiggins's convictions to robbery and vehicular hijacking, vacate the sentences, and remand for resentencing on the lesser-included offenses.

¶ 3                                    I. BACKGROUND

¶ 4      Mr. Wiggins was charged with one count each of aggravated vehicular hijacking, armed robbery, and aggravated unlawful restraint premised on committing those offenses while armed with a firearm (counts I, III, and V, respectively). Mr. Wiggins was also charged with one count each of aggravated vehicular hijacking, armed robbery, and aggravated unlawful restraint premised on committing those offenses while armed with a dangerous weapon other than a firearm, "to wit: a bludgeon" (counts II, IV, and VI, respectively).

¶ 5      We set forth only the trial evidence relevant to the issue on appeal.

¶ 6      At trial, Erik Rogucki testified that, on the afternoon of June 25, 2021, he drove to the house of his friend, Kyle Gabry. As Mr. Rogucki drove, a black BMW sedan followed him. When Mr. Rogucki turned into an alley to access Mr. Gabry's garage, the same vehicle entered the alley behind him. As Mr. Rogucki backed into Mr. Gabry's garage, the BMW moved nearer and a man approached on foot.

¶ 7      The man, whom Mr. Rogucki identified as Mr. Wiggins in court, "brandish[ed] a gun in [Mr. Rogucki's] face" and demanded that he "get out of the car." Mr. Wiggins was within three feet of Mr. Rogucki, the vehicle's window was open, and the lighting was normal for a "sunny day" at 3 or 3:30 p.m. Mr. Rogucki described the weapon as "a black pistol," "[o]n the smaller side," which Mr. Wiggins held in one hand. As Mr. Rogucki exited his vehicle, Mr. Wiggins demanded that Mr. Rogucki put his wallet, phone, and keys on the ground. Mr. Rogucki complied.

Mr. Wiggins retrieved the items, entered Mr. Rogucki's vehicle, and "sped off." Mr. Rogucki then found Mr. Gabry, who called the police.

¶ 8     Mr. Rogucki spoke with Chicago police officers and provided them with information using the "Find My iPhone app." Officers then located and returned his iPhone.

¶ 9     Mr. Rogucki was presented with a surveillance video, People's Exhibit No. 2, and testified that it fairly and accurately portrayed a part of the alleyway where the offense occurred. The video includes audio, but Mr. Rogucki also narrated the video's contents as it was published. Mr. Rogucki described the black BMW's entry into the video frame at approximately 34 seconds. At 41 seconds, an individual, whom Mr. Rogucki identified as Mr. Wiggins, enters the frame and walks down the alley and then out of sight. At 1 minute 5 seconds, Mr. Wiggins says from off-screen, "[D]rop the wallet." At 1 minute 22 seconds, Mr. Rogucki identified his vehicle being driven away by Mr. Wiggins.

¶ 10    The video, which is included in the record on appeal, has been viewed by this court and is consistent with Mr. Rogucki's testimony. The video does not show Mr. Wiggins holding a firearm.

¶ 11    On cross-examination, Mr. Rogucki confirmed that Mr. Wiggins "pulled out" a firearm and pointed it in his direction. He could not tell if it was loaded, but "[i]t looked real." The firearm was a black revolver, but Mr. Rogucki did "[n]ot physically" feel the firearm and it was not pressed to his person during the encounter. Mr. Rogucki's vehicle was recovered days later, with some damage, including an apparent bullet hole in the passenger-side mirror.

¶ 12    Chicago police officer Kenneth Heidemann testified to Mr. Wiggins's arrest on July 8, 2021. At the time of the arrest, Mr. Wiggins was found inside a black BMW.

¶ 13 The trial court found Mr. Wiggins guilty of aggravated vehicular hijacking (count II) and armed robbery (count IV) premised on committing the offenses while armed with a bludgeon. The court acquitted Mr. Wiggins of those offenses premised on being armed with a firearm (counts I and III) and of aggravated unlawful restraint (counts V and VI). The court explained there was insufficient evidence that Mr. Wiggins was armed with an "actual firearm" and at "no point" did the firearm touch Mr. Rogucki.

¶ 14 Mr. Wiggins filed a motion to reconsider, challenging his identity as the offender. The court denied the motion, stating that "[t]his court strongly believes beyond a reasonable doubt the Mr. Wiggins committed this offense." The court also remarked that "nothing in the video" resembled a firearm, no weapon was discharged, and no testimony established that the "gun was used."

¶ 15 The court sentenced Mr. Wiggins to concurrent terms of eight years in prison for aggravated vehicular hijacking and armed robbery.

¶ 16 II. JURISDICTION

¶ 17 The trial court sentenced Mr. Wiggins on September 26, 2023, and he timely filed his notice of appeal that same day. We have jurisdiction over this appeal under article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. Mar. 12, 2021), governing appeals from final judgments in criminal cases.

¶ 18 III. ANALYSIS

¶ 19 On appeal, Mr. Wiggins challenges the sufficiency of the evidence establishing that he was armed with a bludgeon. He therefore requests that we reduce his aggravated vehicular hijacking

and armed robbery convictions to vehicular hijacking and robbery, respectively, and remand for resentencing.

¶ 20    Mr. Wiggins contends that, because he requests review of "[w]hether the State has proven facts establishing a violation of a particular statute," the standard of review is *de novo*. However, as the State argues, Mr. Wiggins solely attacks the sufficiency of the evidence regarding the factual question of whether he was armed with a bludgeon when he committed the offenses. We therefore adopt the "familiar standard" of review for challenges to the sufficiency of the evidence. See *People v. Haley*, 2026 IL App (1st) 242289, ¶¶ 30, 32 (rejecting *de novo* review of a challenge to the sufficiency of the evidence showing that the defendant committed an offense while armed with a bludgeon).

¶ 21    When a defendant challenges the sufficiency of the evidence, this court must determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' " (Emphasis omitted.) *People v. McLaurin*, 2020 IL 124563, ¶ 22 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). All reasonable inferences from the record are drawn in the State's favor. *People v. Harvey*, 2024 IL 129357, ¶ 19. Additionally, a trial court's factual findings may be reversed only if they are against the manifest weight of the evidence. *People v. Harris*, 2015 IL App (1st) 133892, ¶ 20. Factual findings are against the manifest weight of the evidence when the opposite conclusion is apparent or when they appear unreasonable, arbitrary, or contrary to the evidence. *Id.*

¶ 22    The finder of fact determines the credibility of the witnesses, resolves conflicting evidence, weighs the evidence, and draws reasonable inferences from the evidence. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009). We defer to the fact-finder regarding witness credibility and the

weight given to each piece of evidence. *People v. Jackson*, 232 Ill. 2d 246, 280-81 (2009). We will reverse a conviction only where the evidence is so improbable or unsatisfactory that reasonable doubt exists as to the defendant's guilt. *People v. Beauchamp*, 241 Ill. 2d 1, 8 (2011).

¶ 23 To prove a defendant guilty of armed robbery, the State must establish that he knowingly took another's property (other than a motor vehicle) from his or her person or presence "by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (West 2020). Additionally, the State must prove that the defendant did such while carrying or being "otherwise armed with a dangerous weapon other than a firearm." *Id.* § 18-2(a)(1); *People v. Rothe*, 2024 IL 129906, ¶ 14. The armed robbery statute is intended "to treat more severely a person who commits a robbery while possessing a weapon actually capable of causing serious injury than a person who commits a robbery without possessing such a weapon." (Internal quotation marks omitted.) *People v. Thorne*, 352 Ill. App. 3d 1062, 1070 (2004).

¶ 24 A person commits vehicular hijacking by "knowingly tak[ing] a motor vehicle from *** another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-3(a) (West 2020). Such a crime is aggravated and becomes a Class X felony when the defendant "carries on or about his or her person, or is otherwise armed with a dangerous weapon, other than a firearm." *Id*. § 18-4(a)(3).

¶ 25 Mr. Wiggins only contests the sufficiency of the evidence establishing that he committed the offenses while armed with a dangerous weapon other than a firearm; a bludgeon, specifically.

¶ 26 The statutory provisions for the offenses do not define the term "dangerous weapon." *People v. Ligon*, 2016 IL 118023, ¶ 22. However, courts recognize three categories of dangerous weapons for purposes of the armed robbery and aggravated vehicular hijacking statutes: (1) objects that are dangerous *per se*, such as loaded firearms; (2) objects that are not necessarily dangerous

but which were used in a dangerous manner during the offense; and (3) objects that are not necessarily dangerous but can be dangerous when used in a dangerous manner. *People v. Ross*, 229 Ill. 2d 255, 275 (2008). Whether a firearm constituted a "dangerous weapon" can be determined from evidence that (1) the firearm was functional and loaded, (2) the firearm was actually used as a bludgeon, or (3) the firearm could be used as a bludgeon due to its size and weight. *Id*. at 276. The State must prove that a firearm "was loaded and operable, or that it was either used or capable of being used in a dangerous manner." *People v. McBride*, 2012 IL App (1st) 100375, ¶ 44.

¶ 27 Here, viewing the evidence in the light most favorable to the State, the evidence was insufficient to prove that Mr. Wiggins committed the offenses while armed with a bludgeon. Mr. Rogucki testified that Mr. Wiggins "brandish[ed] a gun in [his] face." Mr. Rogucki initially described the weapon as "a black pistol" on the "smaller side," and later clarified it was a black revolver. The firearm "looked real" to Mr. Rogucki. However, Mr. Rogucki did "[n]ot physically" feel the object or further describe its characteristics. No firearm was recovered and the surveillance video does not show Mr. Wiggins holding a firearm. The trial court acquitted Mr. Wiggins of the offenses premised on his possession of a firearm.

¶ 28 Mr. Wiggins correctly argues that the evidence was also insufficient to prove that he was armed with a dangerous weapon other than a firearm. This case is similar to *Haley,* where we found that:

> "The jury expressly rejected the theory that Haley committed home invasion while armed with a firearm. The jury's acquittal on the firearm count forecloses reliance on the firearm to satisfy subsection (a)(1) of the home invasion statute. The State cannot circumvent that verdict by recharacterizing the same firearm conduct as possession of a dangerous weapon

other than a firearm, where there was no evidence to support it." *People v. Haley*, 2026 IL App (1st) 242289, ¶ 42.

¶ 29    In Mr. Wiggins's case, the State did not present evidence as to the object's actual use as a bludgeon or its "weight or composition" to demonstrate it could be used as a bludgeon. According to Mr. Rogucki, Mr. Wiggins pointed the object at him, but it did not touch him and there was no evidence that Mr. Wiggins otherwise wielded the object against him. Thus, Mr. Rogucki's description of the object as a handheld, black revolver does not demonstrate the object's usefulness as a bludgeon. *Id.* ¶¶ 40-41.

¶ 30    It is true that firearms "because of their size and weight, could be used in deadly fashion as bludgeons." *People v. Skelton*, 83 Ill. 2d 58, 66 (1980). However, this court cannot presume that every firearm meets the definition of a bludgeon. See *Ross*, 229 Ill. 2d 255 at 276. Because the State produced no evidence as to the weight or composition of the object, or that Mr. Wiggins brandished the object as a bludgeon, the State presented insufficient evidence of the object's suitability as a bludgeon. See *People v. McGuire*, 2023 IL App (3d) 220336-U, ¶ 26 (collecting cases); Ill. S. Ct. R. 23(e)(1) (eff. June 3, 2025) (nonprecedential orders entered under Illinois Supreme Court Rule 23(b), on or after January 1, 2021, may be cited as persuasive authority). Accordingly, the State failed to prove the elements of aggravated vehicular hijacking and armed robbery beyond a reasonable doubt.

¶ 31    Mr. Wiggins requests that we reduce his convictions to vehicular hijacking (720 ILCS 5/18-3(a) (West 2020)) and robbery (720 ILCS 5/18-1(a) (West 2020)). Illinois Supreme Court Rule 615(b)(3) (eff. Jan. 1, 1967) provides this court with authority to reduce the degree of a defendant's conviction, even when the lesser offense is not charged. *People v. Clark*, 2016 IL

118845, ¶ 48. Vehicular hijacking is a lesser-included offense of aggravated vehicular hijacking and robbery is a lesser-included offense of armed robbery. *Id.*

¶ 32    In this case, counts II and IV stated the elements of vehicular hijacking and robbery, respectively. 720 ILCS 5/18-1(a), 18-3(a) (West 2020). The evidence at trial supported convictions for those offenses and Mr. Wiggins does not challenge the sufficiency of the evidence as to those offenses.

¶ 33                          IV. CONCLUSION

¶ 34    For the foregoing reasons, we reduce Mr. Wiggins's conviction for aggravated vehicular hijacking to vehicular hijacking, reduce his conviction for armed robbery to robbery, vacate his sentences, and remand for resentencing on the lesser-included offenses.

¶ 35    Affirmed as modified and remanded.